## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **HEATHER'S HOSPITALITIES, INC., d/b/a HEATHER'S OPEN CUCINA AND LUSHANE'S RESTAURANTS** | : |
| | : |
| **Defendant.** | : |
| | : |

**04 CV 6198 (SCR/LMS)**

**COMPLAINT  ECF CASE**

**JURY DEMAND**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex discrimination (female) and constructive discharge, and to provide appropriate relief to Rebeccah Desselle and other similarly situated women who were adversely affected by such practices.  As alleged with greater particularity in paragraphs 7 and 8 below, Defendant, Heather's Hospitalities, Inc., d/b/a Heather's Open Cucina and LuShane's Restaurants created and maintained a hostile work environment based on sex (female) and constructively discharged Rebeccah Desselle.

-1-

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 704 (a), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-3 (a), 5 (f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District.


PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) of Title VII, 42 U.S.C. §§2000e-5.

4.      At all relevant times, Defendant, Heather's Hospitalities, d/b/a/ Heather's Open Cucina and Lushane's Restaurants with restaurants located in Nyack, New York, is incorporated in the United States, has continuously done business in the State of New York, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Rebeccah Desselle filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least August 2000, Defendant has engaged in unlawful employment practices, in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2 (a)(2), by creating and maintaining a sexually hostile work environment based on Ms. Desselle's and other similarly situated female employees' sex.  These practices have included, but are not limited to:

            a.      Defendant, repeatedly telling Ms. Desselle that he wanted to "have sex" with her and requesting that she go to his house with him;

            b.      Defendant frequently commenting to Ms. Desselle that she was pretty and had a "nice body";

            c.      Defendant repeatedly telling Ms. Desselle that he wanted to take her to his house and engage in sexual activities with her;

            d.      Defendant often telling Ms. Desselle that he wanted to "eat her ass" and he would be the "best she ever had";

            e.      Defendant grabbing Ms. Desselle's vagina;

            f.      Subjecting Ms. Desselle to unwanted hugging, grabbing and other unwanted and unwelcome physical contact.

8.      Defendant constructively discharged Ms. Desselle by creating such an intolerably hostile work environment that she was forced to leave her employment with Defendant.

9.      The effect of these practices complained of in paragraphs 7 and 8 above has

been to deprive Rebeccah Desselle and other similarly situated women of equal employment opportunities and otherwise adversely affect their status as employees.

9.     The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

10.     The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Rebeccah Desselle and other similarly situated women.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassing conduct and other employment practices which discriminate on the basis of sex.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Rebeccah Desselle and other similarly situated women by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and promotion.

D.     Order Defendant to make whole Rebeccah Desselle and other similarly situated women by providing compensation for past and future pecuniary losses resulting from the

-4-

unlawful employment practices described in paragraphs 7 and 8 including job search expenses, in amounts to be determined at trial.

      E.      Order Defendant to make whole Rebeccah Desselle and other similarly situated women by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including but not limited to emotional pain and suffering, inconvenience, humiliation, loss of enjoyment of life, in amounts to be determined at trial.

      F.      Order Defendant to pay Rebeccah Desselle and other similarly situated women punitive damages for Defendant's malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507


_____
Katherine E. Bissell (KB 1831)
Regional Attorney

Lisa Sirkin
Supervisory Trial Attorney


_____
Monique J. Roberts (MR 6338)
Trial Attorney

NEW YORK DISTRICT OFFICE
33 Whitehall Street, 5th Floor
New York, New York 10014
(212) 336-3704 (Monique Roberts direct)
(212) 336-3623 (fax)